**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| BOLLINGER SHIPYARDS, INC. et al. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-1013 |
| CHARTIS SPECIALTY INSURANCE COMPANY, et al. | SECTION: "G"(5) |

**ORDER AND REASONS**

Before the Court is Plaintiffs Bollinger Shipyards, Inc., Bollinger Shipyards Lockport, L.L.C., Bollinger Calcasieu, L.L.C., Bollinger Marine Fabricators, L.L.C., Bollinger Gretna, L.L.C., Coral Marine, L.L.C., Bollinger Gulf Repair, L.L.C., Bollinger Larose, L.L.C., Bollinger Algiers, L.L.C., Chand, L.L.C., Bollinger Amelia Repair, L.L.C., Bollinger Fourchon, L.L.C., Bollinger Quick Repair, L.L.C., Bollinger Houston, L.P., and Bollinger Texas City, L.P.'s (collectively "Bollinger") Second Motion for Remand.[1] After considering the motion, the memorandum in support, the opposition, the reply, the surreply, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

*A. Factual Background*

This suit is the second lawsuit filed by or on behalf of the Bollinger entities in connection with various claims for insurance coverage and damages. In January 2003, Bollinger Lockport, L.L.C. ("Bollinger Lockport") filed the first suit in the 17th Judicial District Court for Lafourche Parish, State of Louisiana, against Chartis Speciality Insurance Company and AIG Technical

---

[1] Rec. Doc. 20. Bollinger also filed an initial motion to remand. Rec. Doc. 14. However, after Chartis filed an amended notice of removal, Bollinger filed the pending motion wherein it incorporates all arguments made in the initial motion to remand.

Services, Inc, n/k/a Chartis Claims, Inc.[2] Bollinger Lockport sought recovery for environmental clean-up costs under an insurance policy. Bollinger Lockport claimed that Chartis Specialty refused to pay the amount due under the policy.[3] This suit is still pending in state court.

Here, Bollinger, including Bollinger Lockport, filed the initial petition in the 17th Judicial District Court for Lafourche Parish, Louisiana on March 9, 2012, a day after the Louisiana trial court denied Bollinger Lockport leave to file a third supplemental and amending petition in the action initiated in 2003.[4] Defendants Chartis Specialty Insurance Company and Chartis Claims, Inc. (collectively "Chartis") claim that this new cause of action includes the same Bollinger entities, with the addition of Coral Marine, L.L.C., that Bollinger Lockport attempted to add through a third amending petition in the first action and seeks coverage for the same claims that are the subject matter of the first suit; in addition, Bollinger seeks damages for certain claims that have already been decided in favor of Chartis in the original suit.[5]

## B. Procedural Background

Chartis was served with the petition in this matter on March 9, 2012. On April 20, 2012, Chartis filed a notice of removal on the grounds of diversity jurisdiction.[6] On April 27, 2012, the Court ordered Chartis to amend the notice of removal because it had not properly alleged the

---

[2] Rec. Doc. 23 at pp. 2-3.

[3] *Id.* at p. 3.

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 23 at p. 6.

[6] Rec. Doc. 1.

citizenship of the plaintiffs.[7] On May 4, 2012, Chartis filed an amended notice of removal.[8] On May 15, 2012, Bollinger filled its first motion to remand.[9] However, at a status conference held on May 17, 2012, the Court informed Chartis that the amended notice of removal failed to cure all defects.[10] The Court again granted Chartis leave to file an amended notice of removal.[11] On June 7, 2012, Chartis filed a second amended notice of removal to cure the remaining defects.[12]

Bollinger filed a second motion to remand "in an abundance of caution" after the second amended notice of removal was filed.[13] On July 10, 2012, Chartis filed an opposition to the second motion to remand.[14] On July 18, 2012, Bollinger filed a reply.[15] On July 24, 2012, Chartis filed a surreply.[16]

## II. Parties' Arguments

In support of the pending motion, Bollinger claims that the notice of removal failed to comply with the requirements of 28 U.S.C. § 1446. Specifically, Bollinger argues that the notice of

---

[7] Rec. Doc. 8.

[8] Rec. Doc. 11.

[9] Rec. Doc.14.

[10] Rec. Doc. 16.

[11] *Id.* at p. 2.

[12] Rec. Doc. 19. While Bollinger has not argued that this Court erred in allowing Chartis to amend the notice of removal, the Court notes that a district court may allow "the defendants to amend their notice of removal to allege facts supporting diversity jurisdiction," pursuant to 28 U.S.C. § 1653. *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 65-66 (5th Cir. 2010).

[13] Rec. Doc. 20.

[14] Rec. Doc. 23.

[15] Rec. Doc. 29.

[16] Rec. Doc. 32.

3

removal was untimely, and incorporates by reference all arguments made in support of the first motion to remand. In support of the first motion to remand, Bollinger argues that federal law provides that removal must be requested within thirty days from when a defendant is first served with the initial pleading in a matter.[17] Bollinger also (incorrectly) argues that if a first-served defendant does not effect a timely removal, subsequently served defendants cannot remove.[18]

Bollinger claims that while the notice of removal was filed within thirty days from when Chartis was served in this matter, that 28 U.S.C. § 1446 states that the thirty day period shall begin when the defendant is in receipt of "the initial pleading setting forth the claim for relief." Therefore, without citing any authority, Bollinger argues that when Chartis first received notice of Bollinger's action for insurance coverage in the initial suit filed in state court in 2003, the thirty day period to remove was triggered.[19] In addition, Bollinger argues that this action was not removable because removal was attempted over one year after the action commenced in direct violation of 28 U.S.C. § 1446(b). Again, Bollinger uses the time of the filing of the initial 2003 suit. Therefore, Bollinger asserts that this action was not removable at the time the notice of removal was filed.

Alternatively, Bollinger argues that the action pending before this Court implicates *Colorado River* abstention. Bollinger explains that this doctrine is intended to prevent parallel litigation in federal and state courts, and allows a federal court to abstain even if it has jurisdiction.[20] Bollinger

---

[17] Rec. Doc. 14-1 at pp. 5-6 (citing 28 U.S.C. § 1446(b).

[18] *Id.* at p. 6 (citing *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)). Since this case, 28 U.S.C. § 1446 has been amended to allow a later-served defendant to initiate removal if the earlier served defendants consent. This Court has recently discussed this issue in depth in another matter. *See Andrews v. AMERCO*, Civ. Action No. 12-1840, Rec. Doc. 30. This new rule became effective on January 6, 2011 and applies to all actions filed in state court after this date. Pub. L. 112-63, 125 Stat. 758, Sec. 105.

[19] Rec. Doc. 14-1 at p. 7.

[20] *Id.* at p. 9.

4

also outlines the six non-exclusive factors a federal court should consider when determining whether to apply this doctrine:

> (1) assumption by either court of jurisdiction over a res
> (2) the relative inconvenience of the forums;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) whether and to what extent federal law provides the rules of decision on the merits; and
> (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Bollinger explains that not all of the factors need to weigh in favor of abstention and they are not applied mechanically, but rather must be balanced in each case.[21]

Bollinger concedes that the first and second factors do not weigh in favor of abstention because the state court has not assumed jurisdiction over the res and federal jurisdiction does not inconvenience either party.[22] However, Bollinger argues that the third factor weighs "overwhelmingly" in favor of abstention. Bollinger explains that continuing this action would produce piecemeal litigation, and that because there is a lack of complete identity between the parties in the initial state court suit and this action, it could result in inconsistent rulings.[23]

Concerning the fourth factor, Bollinger notes that the state court had jurisdiction over the initial action years before this action was removed. Furthermore, Bollinger requests that this Court consider the relative progress of the two suits; the state court suit has been ongoing for nine years, whereas this matter has not progressed past the initial filing of the action.[24]

---

[21] *Id.* at pp. 9-10 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Costr. Corp.*, 460 U.S. 1, 16 (1983)).

[22] *Id.* at p. 11.

[23] *Id.*

[24] *Id.* at p. 12.

Turning to the fifth factor, Bollinger notes that federal law will have no bearing on this action, because Bollinger has sued Chartis "under Louisiana law on interpreting insurance contracts, not federal law."[25] Finally, Bollinger argues that the sixth factor is neutral, because neither party claims that it will not receive adequate protection in state court. Bollinger points out that the state court has already ruled in Chartis' favor on a major claim in the original suit, so it may not claim that it would not receive adequate protection in state court.[26] Therefore, Bollinger contends that on balance, *Colorado River* abstention applies to this matter. While Bollinger acknowledges that in the cases it cites, when a court finds the doctrine applicable it has dismissed the federal suit, administratively closed the litigation, or stayed the federal proceeding until the state court litigation has concluded, Bollinger argues that "[i]n the instant matter, though, Bollinger submits that remand is the appropriate remedy. Once that is done, Bollinger can file a motion with the first-filed court and move to consolidate the two suits."[27]

In opposition, Chartis refutes the claims that removal was untimely.[28] Chartis argues that the notice of removal was filed within thirty days after the petition in this matter was served upon it. Chartis contends that Bollinger has provided no support for its theory that service in the 2003 suit triggered the thirty day period to remove an action provided in 28 U.S.C. § 1446.[29]

Chartis agrees with Bollinger that this suit is a parallel action with regard to the state suit and

---

[25] *Id.*

[26] *Id.* at p. 13.

[27] *Id.*

[28] Rec. Doc. 23 at p. 7.

[29] *Id.* at pp. 8-9.

6

therefore the Court should abstain under the *Colorado River* abstention doctrine.[30] Chartis also agrees that the third factor, avoiding piecemeal litigation, is the most significant factor weighing in favor of abstention.[31] While Chartis agrees with Bollinger that abstention is appropriate, it disagrees with how the Court should abstain. Chartis argues that when a federal court abstains in a claim for damages, such as this matter, it may not dismiss or remand the case, but instead may only stay the action.[32]

In reply, Bollinger reiterates its argument that the notice of removal was untimely based upon the earlier filed 2003 action. Bollinger claims that "the only real difference is the number of plaintiffs named."[33] Further, Bollinger states:

> The only equitable handling of these parallel proceedings is to consolidate the two cases. Clearly, it would make no sense for two courts, with two judges, to hear arguments on the exact same facts and law, and would be an inefficient use of the Court's time and resources, as well as those of the parties, whether those two courts are two state courts or one state and one federal Court. But the only way to consolidate the two cases is for this Court to Grant Bollinger's Motions to Remand.[34]

Chartis also explains that it only filed the second suit because "Chartis, for the first time, five years into the litigation, facing with [sic] an $8,000,000.00 claim, alleged that those other parties needed to be added for Bollinger to recover."[35] Bollinger claims this is why it sought leave to amend the complaint for a third time and why after leave was denied it initiated the pending suit in state court,

---

[30] *Id.* at p. 11.

[31] *Id.* at p. 13.

[32] *Id.* at p. 15 (citing *Quackenbush v. AllState Ins. Co.*, 517 U.S. 706, 731 (1996)).

[33] Rec. Doc. 29 at p. 2.

[34] *Id.*

[35] *Id.*

7

which has now been removed here.

While Bollinger maintains that the notice of removal was defective, it also argues that if *Colorado River* abstention applies, which no party disputes, that remand is the appropriate remedy.[36] Bollinger attacks Chartis' reliance on *Quackenbush v. Allstate Insurance Co.*,[37] to claim that when a court abstains in a suit for damages, the only appropriate action is to stay the proceedings. Bollinger attempts to distinguish *Quackenbush* on the grounds that it dealt with *Burford* abstention instead of *Colorado River*.[38] Further, Bollinger argues that the majority in *Quackenbush* "objected to a *per se* bar from dismissing or remanding damages cases. Thus, there is no blanket bar to remanding this matter."[39]

Lastly, Bollinger argues that if this Court finds that *Quackenbush* applies to this case, "the only real issue in the second state court suit, which was removed to this Court, is who the proper plaintiff is [sic]. The question is not about damages, but procedure: who is the correct person(s) to bring suit. This is an equitable concern."[40] Therefore, Bollinger argues that this Court should remand.

In surreply, Chartis addresses the applicability of *Quackenbush* to this matter. While Chartis acknowledges that *Quackenbush* dealt with *Burford* abstention, it argues that the Supreme Court did not limit the application of the rule prohibiting remand or dismissal in actions for damages solely

---

[36] *Id.* at p. 3.

[37] 517 U.S. 706 (1996).

[38] Rec. Doc. 29 at p. 3.

[39] *Id.* (citing 517 U.S. at 731).

[40] *Id.* at pp. 3-4.

to *Burford* cases.[41] Chartis cites several out-of-circuit district court cases where the trial court applied the rule in *Quackenbush* and denied remand in cases involving *Colorado River* abstention.[42] Therefore, Chartis contends that this Court may not remand this action.[43]

### III. Law and Analysis

*A. Propriety of the Notice of Removal*

A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court.[44] Without citing any precedent to support its position, binding or otherwise, Bollinger wishes this Court to adopt a broad interpretation of 28 U.S.C. § 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Bollinger contends that the petition in the 2003 suit triggered this thirty day period in which Chartis could remove this action. Again, Bollinger has not cited one case where a court found removal untimely because the notice of removal was filed more than thirty days from service of a pleading in **another action**. While the Fifth Circuit has instructed courts to construct strictly removal statutes against allowing removal,[45] Bollinger asks this Court to broadly interpret a removal statute against removal. Bollinger's proposed interpretation is both strained and unsupported by any precedent.

---

[41] Rec. Doc. 32 at p. 2 (citing *The Superior Beverage Co. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)).

[42] *Id.* at p. 3, n. 5.

[43] *Id.* at p. 4.

[44] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

[45] *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

9

Therefore, this Court declines to apply the service date of the petition in the 2003 action to the time in which Chartis was able to remove the later filed state court suit.

Bollinger filed this suit in state court on March 9, 2012. Chartis filed the notice of removal on April 20, 2012. Thus, removal was sought within thirty days and is therefore timely.

## *B. Colorado River Abstention*

Both parties agree that *Colorado River* abstention is applicable in this matter. For the reasons stated earlier by Bollinger in support of the motion to remand, this Court agrees. However, the parties dispute how this Court should abstain. Bollinger requests this action be remanded, while Chartis claims that binding precedent only allows this Court to stay the pending action until the 2003 state court suit is resolved.

Again, Bollinger argues without authority that this Court may remand this action. Bolliger argues that this would be the equitable remedy. In *Quackenbush,* the Supreme Court acknowledged that it had not "previously addressed whether the principles underlying our abstention cases would support remand or dismissal of a common-law action for damages."[46] The Supreme Court then went on to review several abstention doctrines, not just *Burford*. After this review, the Supreme Court concluded that "[The Supreme Court has] applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether."[47] This current action does not request equitable relief, but rather requests damages.[48] Therefore, upon deciding to abstain under the *Colorado River* doctrine, this Court has

---

[46] 517 U.S. at 719.

[47] *Id.* (emphasis in original).

[48] Rec. Doc. 1-1

10

no choice but to stay this action until the resolution of the 2003 state court suit.

This Court also notes that Bollinger seeks remand to circumvent the state trial court's denial of leave to amend the petition a third time to add certain plaintiffs that appear in this action. Bollinger has stated that it seeks remand so that it may later request the state court to consolidate this action with the 2003 action. Whether or not this procedural tactic would be permissible is a question for the state courts, but this Court will not expand federal law and apply it in a manner that no other federal court has before in order to facilitate Bollinger's ends.

## IV. Conclusion

The notice of removal filed by Chartis was timely because it was filed within thirty days from being served with the petition in this matter. However, both parties agree that the *Colorado River* abstention doctrine is applicable because of the parallel litigation underway in state court. Because this is a suit for damages, under *Quackenbush*, this Court may not remand this matter, but may only stay the suit until the resolution of the parallel state action. Accordingly,

**IT IS HEREBY ORDERED** that Bollinger's Motion to Remand to State Court[49] and Second Motion to Remand to State Court[50] are **DENIED**;

**IT IS FURTHER ORDERED** that this action is stayed until the resolution of the parallel suit in state court;

---

[49] Rec. Doc. 14. All arguments from this motion were incorporated into the Second Motion to Remand to State Court and addressed in this order.

[50] Rec. Doc. 20.

**IT IS FURTHER ORDERED** that this action is administratively closed until the parties inform the Court of the resolution of the parallel suit in state court;

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

**NEW ORLEANS, LOUISIANA**, this  31st day of January, 2013.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **UNITED STATES DISTRICT JUDGE**